IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D.M. BEST COMPANY, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1279 |
| | § | |
| SUMMIT WORLDWIDE, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 10] filed by Defendant A&A Machinery Moving, Inc. ("A&A"), asserting that this Court lacks personal jurisdiction over A&A and that venue in this district is improper. Plaintiff D.M. Best Company, Inc. filed a Response [Doc. # 18] opposing A&A's Motion. Defendant neither filed a Reply nor requested additional time to do so. Based on a review of the full record and the application of governing legal authorities, the Court **denies** the Motion to Dismiss.

### **I.   BACKGROUND**

In April 2007, Plaintiff participated via telephone in an auction during which it purchased a Giddings & Lewis Vertical Machining Center and a Giddings & Lewis CNA Indexer. Plaintiff contracted with A&A to prepare the equipment for shipping to Plaintiff in Texas. Plaintiff alleges that the equipment was delivered in Houston in

a damaged condition. Plaintiff filed this lawsuit, alleging that either Defendant KBA North America, Inc. delivered the equipment in a damaged condition for shipping, or that Defendants A&A, Summit Worldwide, LLC, and/or Landstar Ligon, Inc. damaged the equipment during packaging and shipment.

A&A filed a Motion to Dismiss, asserting the lack of personal jurisdiction and improper venue. The Motion to Dismiss is ripe for decision.

## II.   ANALYSIS

### A.   Personal Jurisdiction

"In order for personal jurisdiction to satisfy Due Process requirements, a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)). For there to be specific jurisdiction, the non-resident defendant "must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate to the defendant's activities directed at the forum." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (citing

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The plaintiff bears the burden of establishing that the court has personal jurisdiction over the non-resident defendants. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005).

In this case, Plaintiff and A&A entered into a contract for shipment of the equipment. A&A, located in Pennsylvania, prepared the contract which noted Plaintiff's address in Texas. *See* Work Agreement, Exhibit 1 [Doc. # 17]. A&A sent the Work Agreement to Houston for Plaintiff's signature. Having knowingly entered into a contract with a party in Texas and having sent the contract to Texas for execution, A&A purposefully engaged in contacts with Texas sufficient to support specific jurisdiction in this case.

**B.      Improper Venue**

This case was removed from the 151st Judicial District Court of Harris County, Texas, and A&A consented to the removal. Venue in a removed case is governed by the removal statute, 28 U.S.C. § 1441. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *see also Houston Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999). According to § 1441(a), a defendant can remove a civil case filed in state court if the federal courts would have original jurisdiction over that case. Such cases are removed "to the district court of the United

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Harris County, Texas, is located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, pursuant to 28 U.S.C. § 1441(a), venue in this district is proper.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that A&A has engaged in sufficient minimum contacts with the state of Texas to support the exercise of personal jurisdiction by this Court. Venue in this federal district is appropriate. Accordingly, it is hereby

**ORDERED** that Defendant A&A Machinery Moving, Inc.'s Motion to Dismiss [Doc. # 10] is **DENIED**.

SIGNED at Houston, Texas, this **27th** day of **August, 2008**.

_____
Nancy F. Atlas
United States District Judge