# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| D.M. BEST COMPANY, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1279 |
| | § | |
| SUMMIT WORLDWIDE , LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on the Motion for Summary Judgment [Doc. # 25] filed by Defendant KBA North America, Inc. ("KBA"), to which Plaintiff D.M. Best Company, Inc. ("Best") filed a Response [Doc. # 36], and KBA filed a Reply [Doc. # 37].  Also pending is the Motion for Summary Judgment [Doc. # 26] filed by Defendant Summit Worldwide, LLC ("Summit"), to which Best filed a Response [Doc. # 35], and Summit filed a Reply [Doc. # 39].[1]  Based on the Court's review of the full record and the application of governing legal authorities, the Court **grants** both Motions for Summary Judgment.

---

[1]    Defendant Hildebrand Machinery Company, Inc. has filed a Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction [Doc. # 34].  That motion, however, has not been briefed and is not yet ripe.  As a result, the Court will address the Motion to Dismiss, when fully briefed, by separate Memorandum and Order.

## I.    <u>BACKGROUND</u>

In April 2007, Best participated by telephone in a live auction in York, Pennsylvania, that was broadcast over the internet.  At the auction, Best purchased a Giddings & Lewis Vertical Machining Center and a Giddings & Lewis CNA Indexer (collectively, the "Equipment") for which it paid $30,855.00.  Best alleges in its First Amended Complaint ("Complaint") [Doc. # 23] that it purchased the Equipment from either KBA or Hildebrand Machinery Company, Inc. ("Hildebrand"), but the undisputed evidence in the record establishes that KBA sold the Equipment to Hildebrand on March 30, 2007, prior to the auction.  *See* Bill of Sale, Exh. 1 to Complaint.

On April 30, 2007, Best hired Summit to arrange for the Equipment to be shipped from Pennsylvania to Best's facility in Houston, Texas.  Best identifies Summit in the Complaint as a "transportation broker" and Summit agrees that this characterization is correct.  Summit contracted with Defendant A&A Machinery Moving, Inc. ("A&A") to transport the Equipment.  Best identifies A&A in the Complaint as a "motor carrier engaged in interstate commerce."  Best alleges that A&A prepared the Equipment for loading and shipping, and that Landstar Ligon, Inc. ("Landstar") delivered the Equipment to Best in Houston.  Best identifies Landstar as a "motor carrier engaged in interstate commerce."

Best alleges that the Equipment, when delivered to its facility in Houston, was severely damaged.  Best sued A&A, Summit, and Landstar under the Carmack Amendment, 49 U.S.C. § 14706.  Best asserted alternative causes of action against KBA and Hildebrand for breach of contract, negligent misrepresentation, and violation of the Texas Deceptive Trade Practices Act ("DTPA").

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue

of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory

facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).   Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

### A.    KBA's Motion for Summary Judgment

KBA has moved for summary judgment, arguing that Best has not presented evidence to raise a genuine issue of material fact to support its breach of contract, negligent misrepresentation, and DTPA claims because KBA did not own the Equipment at the time of the auction.  Best does not dispute KBA's arguments

regarding these three claims, but asserts that summary judgment in favor of KBA should not be granted because there is a genuine issue of material fact regarding whether KBA has liability to Best under the Carmack Amendment as a "shipper."

Best did not, however, in either the Original Petition (in which KBA is not a named defendant) or the Complaint allege that KBA was a "shipper" with liability under the Carmack Amendment.  Indeed, Best alleges specifically that "Defendants A&A, Summit, and/or Landstar" are liable to it under the Carmack Amendment. Plaintiff's only claims against KBA are clearly asserted in a claim that is an alternative to the Carmack Amendment claim against other Defendants in the case.  Because there is no Carmack Amendment claim against KBA, and because there is no genuine issue of material fact supporting the state law claims asserted against KBA, summary judgment is appropriate and KBA's Motion will be granted.

### B.    Summit's Motion for Summary Judgment

Summit, sued only for an alleged violation of the Carmack Amendment, has moved for summary judgment asserting that it is a transportation broker without liability under the Carmack Amendment.  Indeed, Best in the Complaint identifies Summit as a "transportation broker and/or logistics provider."

Best does not dispute that a broker does not have independent liability for goods that are lost or damaged in interstate commerce.  Instead, Best argues for the first time

in its Response that Summit is a "freight forwarder" under the Carmack Amendment. A "freight forwarder" under the Carmack Amendment is a person who provides for the transportation of property and in the ordinary course of its business, *inter alia*, "assumes responsibility for the transportation from the place of receipt to the place of destination." 49 U.S.C. § 13102(8). A "freight forwarder is both the receiving and the delivering carrier." 49 U.S.C. § 14706(a)(2).

Best did not allege in the Complaint or present proof that Summit was a "freight forwarder." The deadline for amendments to pleadings expired on August 29, 2008, and discovery closes on January 15, 2009.[2] Instead, Best alleged that Summit was a transportation broker and that it was liable to Best under the Carmack Amendment as a "motor carrier." For purposes of liability under the Carmack Amendment, a "motor carrier" is a "person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(12). There is no evidence in the record that Summit provided motor vehicle transportation of the Equipment, and there is no allegation in the Complaint that Summit is a "freight forwarder" rather than a broker. As a result, Summit is entitled to summary judgment on Plaintiff's Carmack Amendment claim – the only claim asserted against it in the Complaint.

---

[2]     Plaintiff did not include in its Response to Summit's Motion a request pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

## IV.    **CONCLUSION**

Best has not presented evidence to raise a genuine issue of material fact in support of its breach of contract, negligent misrepresentation, and DTPA claims against KBA, and Best has not asserted a Carmack Amendment claim against KBA. Best alleges in its Complaint that Summit is a transportation broker.  As such, Summit has no liability to Best under the Carmack Amendment.  Best has not alleged or presented evidence that Summit is a freight forwarder for purposes of a Carmack Amendment claim.  Accordingly, it is hereby

**ORDERED** that KBA's Motion for Summary Judgment [Doc. # 25] and Summit's Motion for Summary Judgment [Doc. # 26] are **GRANTED**.

SIGNED at Houston, Texas, this **13th** day of **January, 2009**.

Nancy F. Atlas
United States District Judge