IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D.M. BEST COMPANY, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1279 |
| | § | |
| SUMMIT WORLDWIDE, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 34] filed by Defendant Hildebrand Machinery Company, Inc. ("Hildebrand"), asserting that this Court lacks personal jurisdiction over it. Plaintiff D.M. Best Company, Inc. ("Best") neither filed a response opposing the Motion nor requested additional time to do so. Based on a review of the full record and the application of governing legal authorities, the Court **grants** Hildebrand's Motion to Dismiss.

**I.     BACKGROUND**

Best alleges that it participated in an internet auction during which it purchased a Giddings & Lewis Vertical Machining Center and a Giddings & Lewis CNA Indexer (the "Equipment") from Hildebrand. Plaintiff alleges that the Equipment was delivered to it in Houston in a damaged condition.

Hildebrand filed this Motion to Dismiss, asserting the lack of personal jurisdiction. The Motion to Dismiss is ripe for decision.

## II.   **PERSONAL JURISDICTION**

"In order for personal jurisdiction to satisfy Due Process requirements, a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999)). A federal court may exercise general jurisdiction" if the non-resident defendant has "continuous and systematic general business contacts" with the forum state. *See Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 n. 9 (1984)). For a Court to exercise specific jurisdiction, the non-resident defendant "must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that arise out of or relate to the defendant's activities directed at the forum." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The plaintiff bears the

burden of establishing that the court has personal jurisdiction over the non-resident defendant. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005).

Hildebrand is a Pennsylvania corporation with its principal place of business in York, Pennsylvania. According to Hildebrand, the auction in which Best purchased the Equipment was conducted by Asset Sales, Inc., which was solely responsible for advertising the sale, soliciting and accepting bids for the Equipment, and for receiving payment for the Equipment from the purchaser. The Equipment was made available to Plaintiff Best in Pennsylvania, and Plaintiff made arrangements independently for shipment of the Equipment to Houston.

Best bears the burden of establishing personal jurisdiction over Hildebrand. Best has not filed any opposition to the Motion to Dismiss and, as a result, there is no evidence in the record indicating that this Court has personal jurisdiction over Hildebrand. Accordingly, it is hereby

**ORDERED** that Defendant Hildebrand Machinery Company, Inc.'s Motion to Dismiss [Doc. # 34] is **GRANTED** and Plaintiff Best's claims against Hildebrand are **DISMISSED**.

SIGNED at Houston, Texas, this **22nd** day of **January, 2009**.

Nancy F. Atlas
United States District Judge