# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| D.M. BEST COMPANY, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1279 |
| | § | |
| SUMMIT WORLDWIDE , LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 70] filed by Defendant A&A Machinery Moving, Inc. ("A&A"), to which Plaintiff D.M. Best Company, Inc. ("Best") filed a Response [Doc. # 78]. A&A neither filed a Reply nor requested additional time to do so. Based on the Court's review of the full record and the relevant legal authorities, the Court **denies** the Motion.

## I.     BACKGROUND

In April 2007, Best participated by telephone in a live auction in York, Pennsylvania, that was broadcast over the internet. At the auction, Best purchased a Giddings & Lewis Vertical Machining Center and a Giddings & Lewis CNA Indexer (collectively, the "Equipment") for which it paid $30,855.00. Best alleges that it hired

Summit Worldwide, LLC ("Summit") to arrange for the Equipment to be shipped from Pennsylvania to Best's facility in Houston, Texas. Best alleges that A&A prepared and loaded the Equipment, and that Landstar Ligon, Inc. ("Landstar") transported the Equipment to Best in Houston. Best alleges that the Equipment, when delivered to its facility in Houston, was severely damaged.

Best currently has pending a common law negligence claim and a breach of contract claim against A&A. A&A moved for summary judgment, arguing that the Carmack Amendment, 49 U.S.C. § 14706, preempts Best's state law claims. Alternatively, A&A argues that the negligence claim is barred by the two-year statute of limitations and that Best has no evidence that A&A caused any damage to the Equipment. The Motion has been fully briefed and is ripe for decision.

## II.   **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). The

Court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Id.*

### III. ANALYSIS

#### A. Carmack Amendment Preemption

The Carmack Amendment completely preempts state law claims against a carrier for damage to goods it transported.  *See, e.g., New Process Steel Corp. v. Union Pacific R. Co.*, 91 F. App'x 895, 898 (5th Cir. Nov. 10, 2003).  The term "carrier" for purposes of the Carmack Amendment is defined as "a motor carrier, a water carrier, and a freight forwarder."  49 U.S.C. § 13102(3).  The term "motor carrier" means "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14).  Transportation includes "services related to [the movement of property], including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.  49 U.S.C. § 13102(23).

In this case, Plaintiff hired A&A to load the Equipment on trailers for transportation to Houston by Landstar.  A&A's responsibility was complete when the Equipment was loaded.

There is scant legal authority on the issue of Carmack Amendment preemption to bar state law claims against a company who only loaded the goods that were

allegedly damaged during interstate transportation by a separate carrier. The cases relied upon by A&A involved damage to household goods that were loaded *and* transported by the "carrier." In none of the cases cited by A&A did the Court hold that the Carmack Amendment preempted state law claims against a defendant who did nothing other than load the goods.

The statutory language, while including "services related to" the movement of cargo, does not list "loading" as one of the related services included in the definition. The Seventh Circuit has held that a party who loaded the cargo did not provide "services related to" the movement of the goods and, therefore, the party was not a motor carrier because it was not providing transportation. *See Camp v. TNT Logistics Corp.*, 553 F.3d 502, 508 (7th Cir. 2009) (Court considered whether the loader was engaged in the transportation of goods for purposes of a negligence claim under the Federal Motor Carrier Safety Regulations, to which the definitions in § 13102 apply). Although the loader held a motor carrier license, the Seventh Circuit noted that "the crucial inquiry is in what capacity [the defendant] was acting during the transaction." *Id.* at 507.

The Court is persuaded by the interpretation of § 13102(23) and the logic of the Seventh Circuit. The Court, therefore, holds that, because the definition of "transportation" in § 13102(23) does not include merely loading the goods, A&A did

not function as a "motor carrier" in this case. Plaintiff's state law claims against it are not preempted by the Carmack Amendment.

### B. Statute of Limitations

Plaintiff filed its First Amended Petition on March 17, 2008, and served A&A on March 19, 2008.[1] Plaintiff added the negligence claim against A&A in its Second Amended Complaint [Doc. # 62], which the Court granted Plaintiff leave to file on September 15, 2009. A&A argues that Plaintiff's negligence claim is time-barred because it was first asserted more than two years after A&A completed its task of loading the cargo on May 8, 2007. Plaintiff argues that the amendment adding the negligence claim relates back to March 17, 2008, when the original complaint against A&A was filed.

"Under the relation-back doctrine, the amended pleading is not subject to a statute of limitations defense and 'relates back' to the date of the original filing if an amended pleading adds a cause of action that is based on the same transaction or occurrence that also forms the basis of the claim made in the original pleading." *Bratcher v. Boeke*, 207 S.W.3d 431, 434 (Tex. App. – Dallas 2006); *see also Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) (amendment relates back if the

---

[1] Plaintiff filed its Original Petition on March 14, 2008, but A&A was not named as a Defendant.

amendment asserts a claim that "arose out of the conduct, transaction, or occurrence set out" in the original pleading).

In this case, the negligence claim is based on the same conduct – the loading of the Equipment for transportation to Houston – as the claims in the original complaint against A&A. As a result, the amendment relates back to the date the original complaint against A&A was filed, March 17, 2008. Because the alleged negligence occurred less than two years before March 17, 2008, the negligence claim is not time-barred.

### C. Evidence of Violation of Carmack Amendment

A&A argues that Plaintiff has failed to establish a *prima facie* case under the Carmack Amendment. Plaintiff maintains, however, that it is not asserting a Carmack Amendment claim against A&A. As a result, Plaintiff is not obligated to establish a *prima facie* case under the amendment and A&A is not entitled to summary judgment on this basis.

### IV. CONCLUSION

A&A was not a "carrier" of the Equipment because it engaged in no relevant conduct other than to load the Equipment. As a result, Carmack Amendment preemption does not bar Plaintiff's negligence and breach of contract claims against A&A. Plaintiff's common law negligence claim relates back to the filing of the

original complaint and, as a result, is not barred by the statute of limitations. Plaintiff is not asserting a Carmack Amendment claim against A&A and, consequently, Plaintiff need not satisfy the requirements for a *prima facie* case of liability for a claim it does not assert. Accordingly, it is hereby

**ORDERED** that A&A's Motion for Summary Judgment [Doc. # 70] is **DENIED**.

SIGNED at Houston, Texas, this **15th** day of **December, 2009**.

_____
Nancy F. Atlas
United States District Judge